**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

WAYNE M. BEATON,
  Petitioner,

vs.            3:09cv353/MCR/MD

WALTER A. MCNEIL,
  Respondent.
_____

**O R D E R**

This cause is before the court upon petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 3). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, from review of the petition, it is apparent that it was not submitted on the proper court form. The court will therefore allow the petitioner to correct this deficiency in an amended petition.

Petitioner is a state inmate currently incarcerated at Santa Rosa Correctional Institution. He challenges a prison disciplinary conviction he received at DeSoto Correctional Institution Annex on April 1, 2008. Although petitioner has submitted his habeas corpus petition on the § 2241 form, this action will be recharacterized as a § 2254 proceeding because petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (holding that even though state prisoner brought his petition seeking habeas relief under § 2241 to challenge prison disciplinary proceeding, he was nevertheless subject to the requirements of § 2254, because he was "in custody pursuant to the judgment of a State court"); *Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004) (same as to state prisoner attacking parole revocation decision). The Local Rules of this court provide that no application for writ of habeas corpus under 28 U.S.C. §§ 2254 or 2241 shall be considered by the court unless the

appropriate form has been properly completed, signed, and filed by the litigant. N.D. Fla. Loc. R. 5.1(J)(2). Accordingly, petitioner will be required to file an amended habeas petition on the form for use in § 2254 cases.

To amend his petition, petitioner should completely fill out the § 2254 form, marking it "**Amended Petition**." Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the previously filed materials. The amended petition completely replaces all previous petitions; thus, once an amended petition is filed all earlier petitions are disregarded. *See* N.D. Fla. Loc. R. 15.1 ("Matters not set forth in the amended pleading are deemed to have been abandoned."). Additionally, because it is apparent from the petition and attachments that petitioner received only 60 days disciplinary confinement as a result of the April 2008 conviction, and that he has since been released from confinement and transferred to Santa Rosa CI, petitioner shall address in his amended petition why this case should not be dismissed as moot. *See Medberry*, 351 F.3d at 1053-54 (holding that where a state prisoner has completed an imposed term of disciplinary confinement before he files his petition for federal habeas corpus relief, the petition is moot when filed and cannot be revived by collateral consequences).

Accordingly, it is ORDERED:

1. Petitioner's motion for leave to proceed *in forma pauperis* (doc. 3) is GRANTED.

2. The clerk of court shall change the nature of this suit to a habeas corpus proceeding under 28 U.S.C. § 2254. In addition, the clerk shall forward to the petitioner the form for use in § 2254 cases. This case number shall be written on the form.

3. Within **thirty (30) days** from the date of this order, petitioner shall file his amended petition, which shall be typed or clearly written and submitted on the § 2254 court form as instructed above. Failure to do so will result in a recommendation that this case be dismissed for failure to comply with an order of this court.

DONE AND ORDERED this 25th day of August, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**